ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C.-Atlanta
MAY 27 2005
LUTHER D. THOMAS, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF GEORGIA
DOUGLASVILLE DIVISION

| | |
|---|---|
| ROY BOWMAN, Plaintiff, | |
| vs. | CIVIL ACTION FILE NO. 1 05 CV 1402 |
| DOUGLAS COUNTY and DOUGLAS COUTNY SHERIFF'S DEPARTMENT; CAPTAIN RON CAIN, individually and in his official capacity as agent for the Douglas County Sheriff's DEPARTMENT; LT. SONNY SMITH, individually and in his official capacity as agent for the Douglas County Sheriff's Department; CITY OF DOUGLASVILLE and DOUGLASVILLE POLICE DEPARTMENT, Defendants. | |

CC

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

COMES NOW, Roy Bowman, Plaintiff, who hereby file this Civil Rights Complaint and shows the Court the following:

## JURISDICTION

1.

Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343, 42 U.S.C. §2000 et seq., 42 U.S.C. §1983 and pursuant to those rights, privileges and

FORMS RECEIVED
Consent To US Mag.
Pretrial Instructions
Title VII NTC

immunities as secured by the Fourth Amendment and Fourteenth Amendment to the United States Constitution. The Defendants' action as complained of herein occurred in Douglas County and the City of Douglasville, Georgia. Venue is proper in this Court.

**PARTIES**

2.

Defendant, Douglas County, may be served through its agent, Tom Wortham, Chairman, Douglas County Commissioner, Douglas County Superior Courthouse, 8700 Hospital Dr., Douglasville, Georgia 30134.

3.

Defendant, City of Douglasville, may be served through its agent, William Osbourne, City Manager, City Hall, 6695 Church Street, Douglasville, Georgia 30134.

4.

Plaintiff, Roy Bowman, is a 32 year old Caucasian male residing in Fulton County, Georgia. Plaintiff.

5.

On or about May 14, 2005, Defendant, CAPT. RON CAIN, acting individually and in his official capacity, and as agent for Douglas County and Douglas County Sheriff's Department, is subject to the jurisdiction of this Court

and may be served with process personally or by serving its registered agent for service.

6.

On or about May 14, 2005, Defendant, LT. SONNY SMITH, acting individually and in his official capacity, and as an agent for Douglas County and Douglas County Sheriff's Department, is subject to the jurisdiction of this Court and may be served with process personally or by serving its registered agent for service.

7.

On or about May 11, 2005, May 13. 2005 and May 14, 2005, John Doe Douglasville Police officers, acting in their official capacity, as agents for the City of Douglasville and Douglasville Police Department, are subject to the jurisdiction of this Court and may be served with process personally or by serving its registered agent for service.[1]

---

[1] After Plaintiff has identified the John Doe and unidentified officers, he will seek leave of Court to Amend the Complaint to add the parties.

## FACTUAL ALLEGATIONS

8.

On or about May 11, 2005, Plaintiff (hereinafter, Bowman), while lawfully operating his vehicle was stopped by (unidentified) members of the City of Douglasville Police motorcycle unit.

9.

An (unidentified) officer approached Bowman's vehicle and informed him that they (the police) were on the look-out for a black and white car, similar to his.

10.

The officer claimed a male had been driving a vehicle and stopped a young female at the Arbor Place Mall on Douglas Boulevard in Douglasville and checked the girl's identification.

11.

At the time of the seizure, Bowman heard an officer come back on the police radio and state Bowman's car was known and had been previously checked by the police.

12.

The officer asked Bowman to produce his license and insurance. Bowman complied.

13.

The officer did not arrest Bowman, nor did he issue him a citation or warning.

14.

The officers never identified themselves.

15.

At that time, Douglas County Sheriff's Department, Douglasville Police Department did not, nor did any other entity publicize any incident regarding a man stopping young girls and checking their identification.

16.

On May 13, 2005, Bowman, while lawfully operating his vehicle, again, was stopped by (unidentified) members of the City of Douglasville Police motorcycle unit.

17.

An (unidentified) officer approached Bowman's vehicle and told him that he (the officer) was already pulling Bowman over when he received a call that Bowman's vehicle had been check two (2) days ago, and that he (the officer) had to check Bowman's insurance and identification anyway.

18.

The officer instructed Bowman to stay at the scene until a City detective came to talk to him. Bowman complied.

19.

The (unidentified) detective arrived at the scene and told Bowman that "the girl" stated that the car that stopped her looked like Bowman's vehicle, but that his car could be mistaken because it is seen everywhere.

20.

The (unidentified) detective asked Bowman if he had alternating headlights. Bowman responded yes and that he used them for car shows.

21.

The (unidentified) detective asked Bowman to turn the lights on. Bowman complied.

22.

Prior to releasing Bowman, the (unidentified) detective told Bowman that he may get stopped again before they catch whoever was stopping the girls.

23.

The (unidentified) officer did not arrest Bowman, nor did he issue him a citation or warning.

24.

The officers and detective never identified themselves.

25.

At that time, Douglas County Sheriff's Department, Douglasville Police Department did not, nor did any other entity publicize any incident regarding a man stopping young girls and checking their identification.

26.

Subsequently, Bowman contacted the Douglas County Sheriff's Department and requested that the Department conduct a full report on him and check him out thoroughly so that the Department would stop the harassment. Dep. Jeff Duncan came to Bowman's home to talk to him.

27.

On May 14, 2005, Bowman, while lawfully operating his vehicle again, was stopped by members of the City of Douglasville Police Department.

28.

An (unidentified) officer approached Bowman's car and requested to see his license and insurance. Bowman complied.

29.

The (unidentified) officer did not tell Bowman why the police stopped him.

30.

Next, Capt. Ron Cain (hereinafter, Cain) approached Bowman's vehicle and ordered him out of the car. (Bowman learned Cain's identity later) Cain ordered Bowman to place his hands on the vehicle so that he (Cain) could search Bowman. Bowman complied.

31.

Cain searched Bowman.

32.

While Cain searched Bowman, other Douglas County and Douglasville Police cars arrived at the scene.

33.

Lt. Sonny Smith (hereinafter, Smith) arrived at the scene. (Bowman learned Smith's identity later) Cain and Smith searched Bowman's vehicle.

34.

Another (unidentified) officer took pictures of Bowman's vehicle.

35.

While searching Bowman's vehicle, the Defendants threw Bowman's personal items around and damaged Bowman's Car Show Award and scratched the vehicle.

36.

Cain asked Bowman if he had a boat siren on the car. Bowman answered no, not on the vehicle, but that he had an antique motor driven boat siren, about 25-30 years old that he used for the car shows he entered his vehicle in.

37.

Cain and Smith removed Bowman's boat siren from the car and Smith dropped it to the ground, damaging it.

38.

Defendants unlawfully confiscated Bowman's boat siren and is currently holding it in their possession.

39.

In a threatening manner, Cain told Bowman, "I don't know what frame of mind you're in boy." Each time Cain would get in Bowman's face, Bowman had to back away.

40.

Bowman asked one of the (unidentified) City police officers if he was going to jail. The officer responded that it was up to Cain.

41.

Cain or Smith ordered Bowman to stand on the side of the road so that another officer could take his picture. Bowman complied.

42.

An (unidentified) officer took 2 digital pictures of Bowman.

43.

Before releasing Bowman, Cain told Bowman that if he "ever see this car on the street again, I will find something and you will go to jail."

44.

At that time, Douglas County Sheriff's Department, Douglasville Police Department did not, nor did any other entity publicize any incident regarding a man stopping young girls and checking their identification.

45.

As a result of the harassment and Cain's order that Bowman not operate his vehicle on the road, Bowman has not driven his vehicle and has not been able to enter the vehicle in car shows, for fear of being harassment, arrested and possibly harmed by Douglas County and City of Douglasville officer.

46.

On or about May 24, 2005, Bowman received a threatening telephone call from an (unidentified) male caller, the substance of which is repeated in Bowman's

Motion for Permanent Injunction or in the Alternative, Motion for Protective Order.

**FEDERAL CLAIMS**

**COUNT ONE – FALSE ARREST/FALSE IMPRISONMENT**

47.

Plaintiff incorporates by reference all the allegations contained in Paragraphs 1 through 46, as specifically plead therein.

48.

On or about May 14, 2005, Defendants, Cain and Smith, acting jointly and separately in the discharge of their duties and with the express authority of the Douglas County Sheriff's Department, did unlawfully detain Bowman, unjustifiably restricting his movement.

49.

On or about May 11, 2005, May 13, 2005 and May 14, 2005, (unidentified) police officers, acting jointly and separately in the discharge of their duties and with the express authority of the Douglasville Police Department, did unlawfully detain Bowman, unjustifiably restricting his movement.

## COUNT TWO – ILLEGAL ARREST/SEARCH

50.

Plaintiff incorporates by reference all the allegations contained in Paragraphs 1 through 49, as specifically plead therein.

51.

Defendant, Cain and Smith, without a warrant and probable cause, searched the person of Bowman and his vehicle. During the illegal search of Bowman's vehicle, Defendants Cain removed property from Bowman's vehicle and caused damage to Bowman's personal property and vehicle.

## VIOLATIONS

52.

Plaintiffs incorporate by reference all the allegations contained in Paragraphs 1 through 51, as specifically plead therein.

53.

Cain and Smith's actions deprived Bowman of his right not to have his property and liberty taken without procedural and substantive due process, as protected by the Fourteenth Amendment of the United States Constitution.

54.

Cain and Smith's actions deprived Bowman of his right to be secure in his person and to be free from unreasonable searches and seizures as protected by the Fourth and Fourteenth Amendments of the United States Constitution.

55.

The action of the (unidentified) City of police officers deprived Bowman of his right not to have his property and liberty taken without procedural and substantive due process, as protected by the Fourteenth Amendment of the United States Constitution.

56.

The action of the (unidentified) City police officers deprived Bowman of his right to be secure in his person and to be free from unreasonable searches and seizures as protected by the Fourth and Fourteenth Amendments of the United States Constitution.

57.

The actions of Douglas County and Douglas County Sheriff's Department deprived Plaintiff of his right to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution.

58.

The actions of the City of Douglasville and Douglasville Police Department deprived Plaintiff of his right to procedural and substantive due process under the Fourteenth Amendment of the United States Constitution.

59.

The actions of Cain and Smith were in violation of clearly established statutory or constitutional rights of which a reasonable officer should have known.

60.

The actions of the (unidentified) City of Douglasville Police officers were in violation of clearly established statutory or constitutional rights of which a reasonable officer should have known.

61.

Douglas County and Douglas County Sheriff's Department were the final decision makers for any policy, practice, custom or procedure, which was a factor for Defendants malicious seizure, search and arrest of Bowman. This policy, practice, custom or procedure was developed with negligent gross and deliberate indifference to the falsity, including repeated failures to follow proper procedures for procuring an arrest, detention and search, exhibited by deputies of Douglas County Sheriff's Department.

62.

The City of Douglasville and Douglasville Point Police Department were the final decision makers for any policy, practice, custom or procedure, which was a factor for Defendants malicious seizure, search and arrest of Bowman. This policy, practice, custom or procedure was developed with negligent gross and deliberate indifference to the falsity, including repeated failures to follow proper procedures for procuring an arrest, detention and search exhibited by police officer of the City of Douglasville.

63.

Douglas County and Douglas County Sheriff's Department were negligently, recklessly and deliberately indifferent in failing to instruct, supervise, discipline and/or control the Defendants, Cain and Smith, and that failure was the moving force for the malicious act inflicted upon Bowman by Cain and Smith.

64.

The City of Douglasville and Douglasville Police Department were negligently, recklessly and deliberately indifferent in failing to instruct, supervise, discipline and/or control the Defendants, (unidentified) officers and that failure was the moving force for the malicious act inflicted upon Bowman by the officers.

65.

As a result of Defendants' actions, Plaintiffs have been damaged in a sum in excess of $100,000.00.

WHEREFORE, Bowman respectfully requests the following:

a) Damages for pain and suffering in an amount to be proved at trial;

b) Compensation for damage to his property in an amount to be proved at trial;

c) Punitive damages in an amount to be proved at trial for malicious acts of the Defendants;

d) Compensation for attorney fees in defending the above mention charges, and

e) For all other and further relief as the Court deems proper.

Submitted this 27th day of May, 2005.

Lucinda Perry
Georgia Bar No. 402509
Attorney for Plaintiffs

6519 Spring Street, Ste B
Douglasville, Georgia 30134
770-920-4744